**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

Donald C. Raines

v. Civil No. 07-cv-251-SM

Warden, New Hampshire State Prison et al.

**O R D E R**

Pro se petitioner Donald C. Raines, an inmate at the New Hampshire State Prison ("NHSP"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks dismissal of a Massachusetts detainer lodged against him and dismissal of the remainder of his New Hampshire sentence (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

Named as respondents are the Commonwealth of Massachusetts, the Probation Office for the Massachusetts Superior Court

(Worcester County) and the Warden of the NHSP.[1]

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Raines is entitled to relief. I therefore order him to amend the petition to demonstrate exhaustion of each claim before I will direct that the petition be answered.

---

[1]Habeas Rule 2 provides, in relevant part:

> (a) If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.
>
> (b) If the petitioner is not yet in custody - but may be subject to future custody - under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. . . .

For purposes of preliminary review, I liberally construe the petition to name as respondents both the Warden of the NHSP and the Attorney General for the Commonwealth of Massachusetts. See Maleng v. Cook, 490 U.S. 488, 493 (1989) (prisoner may attack a conviction or sentence for which he is not currently confined but for which he may be subject to future incarceration); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (state prisoner may challenge a detainer lodged against him by filing a habeas petition either in his current state of incarceration or in the state which lodged the detainer against him). See also, Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)(questions as to whether warden of out-of-state correctional facility in which prisoner was incarcerated was properly named as respondent in habeas petition, and whether correctional official of state of conviction was indispensable party, did not deprive district court or court of appeals of jurisdiction).

**Background**

Raines allegedly is serving a New Hampshire sentence and is currently incarcerated at the NHSP. This habeas corpus action stems from his Massachusetts probation violation and a default warrant and detainer issued against him on July 1, 2003 and August 11, 2004, respectively, by the Commonwealth of Massachusetts.[2] The Massachusetts detainer allegedly was lodged against Raines on outstanding criminal charges for which he will be prosecuted upon the expiration of his New Hampshire sentence.

By correspondence and inmate request slip dated September 21, 2004 and addressed to the NHSP, Raines requested a speedy trial regarding the "Massachusetts probation violation charges" and the detainer lodged against him. Corrections Officer Heath responded, "You cannot resolve a probation violation under the Speedy Trial Rules - you will need to wait until you are released." Raines filed another request slip on January 7, 2005, however, the record is unclear as to the precise nature of his inquiry. In an inmate request slip dated June 14, 2006 and

---

[2]Correspondence dated August 11, 2004 from the Probation Office of the Massachusetts Superior Court (Worcester County) states that Raines "is wanted in the Commonwealth of Massachusetts on outstanding charges of Open and Gross Lewdness, two counts, and Indecent Exposure, five counts."

addressed to John Eckert of the New Hampshire Adult Parole Board ("NHPB"), Raines explained that he was approaching his minimum parole date of December 2006 and was near completion of the sex offender program and inquired as to whether he needed to take any additional steps for his upcoming parole. Eckert responded, "After your hearing I will contact [Massachusetts]." On October 19, 2006, the NHPB conducted a hearing and approved Raines for parole to the Massachusetts detainer.

From October 2006 through June 2007, Raines filed a series of inmate request slips inquiring about his parole to Massachusetts. On October 20, 2006, he explained that he "received parole to Massachusetts" and inquired as to when the NHSP will notify Massachusetts authorities. Eckert responded, "We will contact them as your MPD [minimum parole date] approaches." On November 27, 2006, Raines reiterated that he received parole to Massachusetts and inquired as to whether Massachusetts authorities were notified and would take him into custody. Eckert responded, "[Massachusetts] has not yet told us if they will take custody. Once they do we will let you know."

On June 16, 2007, Raines requested assistance from both Heath and Eckert before his next classification hearing on July

10, 2007. He explained that six months had elapsed since his minimum release date of December 28, 2006 and that he was prevented from obtaining a C-2 classification. He also informed Eckert that Massachusetts failed to take him into custody within 180 days, as required by the Interstate Agreement on Detainers ("IAD"). Heath and Eckert allegedly failed to adequately respond to Raines' requests.

In correspondence dated June 19, 2007 and addressed to the Probation Office for the Massachusetts Superior Court (Worcester County), Raines enclosed a copy of his approved New Hampshire parole and requested that the Massachusetts detainer lodged against him be lifted or modified so that he could progress through the NHSP system and obtain a lower classification. On July 12, 2007, the NHSP issued Raines an overall classification score of C-3. On July 16, 2007, Raines filed an appeal of the July 2007 classification score with Richard M. Gerry, Warden of the NHSP. In his appeal, Raines explained that the Massachusetts detainer has prevented him from obtaining a C-2 classification and progressing through the NHSP system, that he was twice denied a C-2 classification, that Massachusetts was notified of his approved parole to their detainer on October 19, 2006 and that

Massachusetts has not responded. He further explained that the 180 day period of detainment permitted under the IAD had expired. Gerry responded, "The [Massachusetts] detainer is holding you back from progressing through the system. A copy of your request slip has been forwarded to offender records to ascertain when [Massachusetts] authorities will address the charge."

On July 27, 2007, Raines filed an appeal of the July 2007 classification score with William Wrenn, Commissioner of the New Hampshire Department of Corrections. In his appeal, Raines outlined his previous attempts to resolve the Massachusetts detainer issue, explained that his attempts have not been resolved, and reasoned that the failure to resolve the detainer issue has prevented him from progressing through the NHSP system and obtaining a lower classification. There is no indication that Raines sought appellate review from the state courts.

He now brings the instant petition in which he alleges the following grounds for federal habeas corpus relief:

1. denial of the Sixth Amendment right to a speedy trial and the Fourteenth Amendment right to due process when Massachusetts authorities failed to diligently prosecute Raines on the Massachusetts charges and New Hampshire authorities denied his request for a speedy trial (Ground 1);

2. violation of the Sixth Amendment right to a speedy

trial and Barker v. Wingo, 407 U.S. 514, 530 (1972) (applying a four-pronged balancing test in determining whether a prisoner's speedy trial rights have been violated) when (a) Massachusetts authorities failed to diligently prosecute Raines, (b) Massachusetts and New Hampshire authorities offered no tenable reason for the delay in prosecution, (c) Raines made diligent and repeated efforts to secure a prompt trial and (d) Raines suffered prejudice as a result of the delay (Ground 2); and

3. denial of the Sixth Amendment right to a speedy trial and the Fourteenth Amendment right to due process arising from the delay in prosecution on the Massachusetts charges and the resulting prejudice to Raines, including (a) denial of a reduced custody classification and the opportunity to proceed through the NHSP system; (b) denial of the opportunity to receive a sentence that is at least partially concurrent with the one he is serving (c) risk that his duration of imprisonment may be increased and the conditions under which he is serving his sentence may be worsened; and (d) impairment of the ability to prepare a defense (Ground 3).

**Standard of Review**

In reviewing a pro se petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions,

must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I. Custody and Exhaustion

To be eligible for habeas relief, Raines must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody. However, Raines fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim. Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.

1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Raines raises three grounds for federal habeas corpus relief. As to each ground raised, there is no indication that he presented the claims or the federal nature of the claims[3] to the state's highest court for review.

---

[3]To the extent Raines intends to allege a violation of the IAD in his amended petition, he is cautioned that federal habeas review of IAD violations is limited to errors constituting "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S.

Accordingly, Raines has failed to demonstrate exhaustion of state remedies as to claims raised in his federal petition. To demonstrate exhaustion of his claims, he must provide this court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts). Raines may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II. Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court

---

339, 348 (1994)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)); accord Cross v. Cunningham, 87 F.3d 586, 587-88 (1st Cir. 1996).

to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court). See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack. Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely"). Accordingly, to the extent Raines elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

**Conclusion**

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Raines an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature

of those claims. To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the state's highest court and any other relevant state court pleadings, orders or decisions within thirty (30) days. If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.

In the event Raines chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order. I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies. The stay will be issued under the following two conditions:

> 1. Raines is ordered to contact this court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2. Within 30 days following any ruling and/or notification by the state's highest court on the claims at issue, and the exhaustion of such claims, Raines must notify this court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this

court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: October 12, 2007

cc: Donald C. Raines, pro se